**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON**

**CIVIL ACTION NO. 07-181-DLB**

**LILLIE GARLAND**                                                                                           **PLAINTIFF**

vs.                           **MEMORANDUM OPINION & ORDER**

**MICHAEL J. ASTRUE, Commissioner
of Social Security**                                                                                         **DEFENDANT**

* * * * * * * * * * * * *

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Lillie Garland filed applications for disability insurance benefits (DIB) and social security income (SSI) payments on January 25, 2005 (date of protective filing). (Tr. 27, 281-82, 303-05, 731-36, 741).[1] Plaintiff alleges she became unable to work on November 20, 2004. (Tr. 27, 303, 731-32). She alleges disability due to degenerative disc disease of the cervical and lumbar spines, asthma, anxiety, depression, borderline intellectual functioning, knee pain, and congestive heart failure. (Doc. #10-2 at 2). Her

---

[1] Claimant previously filed applications for DIB and SSI payments on February 24, 2003. (Tr. 54-55, 71-73). Plaintiff's applications were denied initially and upon reconsideration. (Tr. 56-59, 63-65). ALJ K. Dickson Grissom denied these applications in a decision dated June 22, 2004. (Tr. 268-75). This decision became the final decision of the Commissioner when the Appeals Council denied review on August 27, 2004. (Tr. 286-88).

1

applications were denied initially and on reconsideration. (Tr. 289-92, 295-97). At Plaintiff's request, an administrative hearing was conducted on June 14, 2006, by Administrative Law Judge (ALJ) James Alderisio. (Tr. 746-70). On August 28, 2006, the ALJ ruled that Plaintiff was not disabled and therefore not entitled to DIB or SSI payments. (Tr. 27-34). This decision became the final decision of the Commissioner when the Appeals Council denied review on March 29, 2007. (Tr. 11-13).

On May 21, 2007, Plaintiff filed the instant action. The matter has culminated in cross motions for summary judgment, which are now ripe for adjudication (Doc. #10, 11).

## II.  DISCUSSION

### A.  Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Social Security*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of

the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform her past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Secretary of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.    The ALJ's Determination**

At Step 1, the ALJ found that claimant has not engaged in substantial gainful activity since the alleged onset of her disability. (Tr. 29). At Step 2, the ALJ found Plaintiff's degenerative disc disease of the cervical and lumbar spines, asthma, anxiety, depression, and borderline intellectual functioning (provisional) to be severe impairments within the meaning of the regulations. (Tr. 29-30). At Step 3, the ALJ found that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulation No. 4. (Tr. 30). At Step 4, the ALJ found that Plaintiff retains the residual functional capacity (RFC) to perform:

> light work with no exposure to fumes, odors, dusts, gases, etc., she is limited to simple, one to two step tasks in a low stress environment, contact with co-workers and the public should be casual, and she has limited but satisfactory ability to adapt to changes in the work setting.

(Tr. 30). Based upon this RFC, the ALJ concluded at Step 4 that Plaintiff was unable to perform her past relevant work as an assembler, sales clerk, packer, painter, and fast food worker. (Tr. 33).

Accordingly, the ALJ proceeded to the final step of the sequential evaluation. At Step 5, the ALJ found that there were a significant number of jobs available to Plaintiff in the national and regional economies, despite her limitations. (Tr. 33-34). This conclusion resulted from testimony by a vocational expert (VE), in response to a hypothetical question assuming an individual of Plaintiff's age (51 years of age on the alleged disability onset date and so "closely approaching advanced age"), education (tenth grade and therefore "limited"), work experience, and RFC. (Tr. 33-34, 767-69). The VE testified that Plaintiff could work as a parking attendant or office clerk, both reduced 10% to meet restrictions. (Tr. 34, 768). Since these were positions of significant number in both the regional and national economies, the ALJ concluded Plaintiff was not disabled under the Social Security Act. (Tr. 34).

**C.    Analysis**

Plaintiff raises a number of challenges in her appeal. The Court will address these challenges in turn.

### 1.    Opinions of Treating Physician and Psychologist

Plaintiff claims the ALJ erred by failing to accord greater weight to the opinions of treating physician Dr. Jackie Maxey and psychologist Dr. Kenneth R. Starkey. (Doc. #10-2 at 4-5). The opinion of a treating physician is entitled to greater weight only if it is based on objective medical findings, *Houston v. Secretary,* 736 F.2d 365, 367 (6th Cir.1984), and is not contradicted by substantial evidence to the contrary. *Loy v. Secretary,* 901 F.2d 1306, 1308-09 (6th Cir. 1990). In this case, while there is some evidence of disability, the opinion of Dr. Maxey is contradicted by substantial evidence to the contrary.

4

With regards to Dr. Maxey, Plaintiff argues that "[d]eference should have been given to the treating physician(s). The treating physician(s) have been completely ignored for purposes of the Administrative Law Judge decision." (Doc. #10-2 at 7).[2] Contrary to Plaintiff's contention, however, the ALJ explicitly addressed the reasons he rejected Dr. Maxey's opinion. The ALJ provided:

> The undersigned has considered the opinion provided by Dr. Jackie Maxey, M.D., but this opinion is given no weight herein. Dr. Maxey opined that the claimant could perform no sitting, standing or walking, she could lift 20 pounds occasionally and she could carry no amount of weight. The undersigned notes that Dr. Maxey is a family practitioner, not an orthopedist, neurosurgeon or spine specialist, and his opinion is inconsistent with the other evidence of record. In addition, his opinion is clearly based on the claimant's subjective complaints and not on clinical or laboratory findings.

(Tr. 32).

As Defendant notes, the weight afforded a medical source's opinion depends upon the examining and treating relationship the medical source had with the claimant, the evidence the medical source presents to support his opinion, how consistent the opinion is with the record as a whole, the specialty of the medical source, and other factors. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d). Here, as the ALJ indicated, Dr. Maxey's opinion appears to be based largely on Plaintiff's subjective complaints. (Tr. 32, 597-624, 626-36, 712-13, 717-20). Additionally, the ALJ noted that, as a family practitioner, Dr. Maxey is not

---

[2] Throughout Plaintiff's motion for summary judgment, Plaintiff refers to "treating physician(s)," as if there may or may not be more than one treating physician to which the motion is referring. (Doc. #10-2). Who exactly the Plaintiff could be referring to besides Dr. Maxey is unclear. The task of ascertaining who else Plaintiff may be referring to is complicated by the fact that Plaintiff's motion does not contain even a single citation to the transcript. On occasion, Plaintiff refers to Dr. Starkey as if he qualifies as a treating physician. (*Id.*) However, Plaintiff's motion merely references a May 2003 examination of Plaintiff by Dr. Starkey (tr. 201-08), and a review of the record also indicates a rather circumscribed relationship between Plaintiff and Dr. Starkey (doc. #10-2 at 4).

a neurosurgeon or a spine specialist. (Tr. 32). Each of these factors was properly taken into consideration by the ALJ in determining how much weight to assign to this particular medical source.

Furthermore, the ALJ highlighted a number of instances in which the record evidence contradicts Dr. Maxey's opinion that Plaintiff is disabled. For example, the ALJ noted that Serge Dubuc, M.D., whose partner Dr. Beliveau saw Plaintiff, found no evidence of neurological deficits in the claimant's lower extremities. (Tr. 31, 461-62). The ALJ cited the findings of Robert C. Hoskins, M.D., a consultative examiner. The ALJ provided:

> [Dr. Hoskins] noted that the claimant had a normal gait, she could tandem walk and heel and toe walk, and she had only slight loss of motion of her spine with 70 degrees flexion and 20 degrees lateral flexion. In addition, he noted that while the claimant did have some tenderness of her lumbar spine, there was no evidence of misalignment, asymmetry, crepitation, defects, tenderness, masses, effusions, instability, atrophy or abnormal strength or tone in the head, neck, spine or extremities. He concluded that the claimant had no musculoskeletal limitations that would exclude some lifting/carrying, bending, ambulation, standing, sitting, handling, gross manipulations or travel. Dr. Hoskins' opinion is supported by clinical and laboratory findings and is consistent with the evidence as a whole.

(Tr. 31, 559-564 (internal citation omitted)). The ALJ also noted rheumatologist Dr. Rita M. Egan's opinion that, while the claimant did have some tenderness of her cervical and lumbar spines, she had good range of motion and had a negative straight leg raising test. (Tr. 31, 584-86). The ALJ further referenced an updated MRI scan of the lumbar spine, which shows Plaintiff has mild to moderate foraminal narrowing at L5-S1 but no significant spinal canal narrowing, and an MRI scan of the cervical spine, which indicates degenerative changes at C5-6 and C4-5 with neural foraminal encroachment related to osteophytes but no focal cervical spinal cord signal abnormality. (Tr. 31, 714, 722).

Opinions on some issues, such as whether the claimant is disabled and the claimant's RFC, "are not medical opinions, ... but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(e), 416.927(e). Dr. Maxey's opinion fits this description, as it directs a decision that Plaintiff is disabled.

As for Dr. Starkey, the ALJ provided an adequate basis for assigning "only minimal weight" to his opinion. The ALJ observed that Dr. Starkey's opinion does not appear to be based on formal I.Q. testing. (Tr. 32). Moreover, the ALJ did not completely reject Dr. Starkey's opinion, as he found Plaintiff's borderline intellectual functioning (provisional) to be a severe impairment. (Tr. 29). In light of this impairment, the ALJ gave Plaintiff the benefit of the doubt by limiting her to "simple, one to two step tasks in a low stress environment, contact with co-workers and the public should be casual, and she has limited but satisfactory ability to adapt to changes in the work setting." (Tr. 30, 32).

The ALJ's RFC determination took into consideration not only Dr. Starkey's finding of borderline intellectual functioning but also Plaintiff's allegations of anxiety and depression. The ALJ observed that Plaintiff had not pursued mental health treatment and that her depression and anxiety appeared to be controlled with Xanax, which was prescribed to her by Dr. Maxey. (Tr. 32, 601). Noting that Plaintiff has no impairments that clearly preclude communicating, socializing, understanding, learning, seeing, hearing, or completing tasks in a regular work environment, Dr. Hoskins concluded that "[t]here was no overt evidence of psychiatric illness" and that, based on his examination, he could not quantify an impairment based on Plaintiff's anxiety or depression. (Tr. 561). Despite this

evidence, the ALJ determined Plaintiff's anxiety and depression to be severe impairments. (Tr. 29). The ALJ's examination of Plaintiff's alleged mental impairments undermines Plaintiff's contention that the ALJ failed to consider Dr. Starkey's opinion and improperly evaluated Plaintiff's mental RFC. Rather, the record reveals that the ALJ repeatedly gave Plaintiff the benefit of the doubt concerning her alleged mental impairments.

The record contains ample evidence supporting the ALJ's finding that Plaintiff is not disabled. While the record contains conflicting opinions as to Plaintiff's functional ability, the Court finds that the ALJ properly performed his duty as trier of fact in resolving the conflicts in the evidence. *See Richardson v. Perales*, 402 U.S. 389, 399 (1971).

### 2. Plaintiff's Allegation of Disabling Pain

Credibility determinations related to a claimant's subjective pain complaints rest with the ALJ. *Siterlet v. Secretary of Health & Human Servs.,* 823 F.2d 918, 920 (6th Cir. 1987) (per curiam). Pain alone, if the result of a medical impairment, may be severe enough to constitute disability. *Kirk v. Secretary of H.H.S.,* 667 F.2d 524, 538 (6th Cir. 1981). However, in order to find plaintiff disabled on the basis of pain alone, the Commissioner must first determine whether there is objective medical evidence of an underlying medical condition. If there is, the Commissioner must then determine: (1) whether the objective medical evidence confirms the severity of pain alleged by plaintiff; or (2) whether the underlying medical impairment is severe enough that it can reasonably be expected to produce the allegedly disabling pain. *Duncan v. Secretary of H.H.S.*, 801 F.2d 847, 852-53 (6th Cir. 1986); *Felisky v. Bowen*, 35 F.3d 1027, 1038-39 (6th Cir. 1994); *Jones v. Secretary of H.H.S.*, 945 F.2d 1365, 1369 (6th Cir. 1991).

Plaintiff argues the ALJ erred by not even considering Plaintiff's allegation of disabling pain. (Doc. #10-2 at 6-7). While Plaintiff may be disappointed with the ALJ's ultimate decision, it cannot be denied that the ALJ explicitly addressed Plaintiff's allegation of disabling pain. In fact, the ALJ specifically explained his decision as to Plaintiff's allegation of knee pain. (Tr. 31). Noting that Plaintiff has never had x-rays taken to confirm the diagnosis of osteoarthritis, the ALJ observed that "there is no evidence that the claimant has ever sought treatment for this condition." (*Id.*) He added that "physical examinations have shown that [Plaintiff] has full range of motion of the knees with no evidence of crepitation or effusion, she has a normal gait, and she is capable of tandem walking and heel and toe walking." (Tr. 31, 559-64). As to Plaintiff's degenerative disc disease, the ALJ noted that Dr. Egan found Plaintiff to have tenderness of her cervical and lumbar spines. (Tr. 31, 586). Thus, the ALJ acknowledged that Plaintiff suffers from some degree of pain. However, the ALJ ultimately found that, while "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, ... the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (Tr. 30).

Where the medical evidence is consistent, and supports Plaintiff's complaints of the existence and severity of pain, the ALJ may not discredit Plaintiff's testimony and deny benefits. *King v. Heckler*, 742 F.2d 968, 975 (6th Cir. 1984). Where, however, the medical evidence conflicts, and there is substantial evidence supporting and opposing a finding of disability, the Commissioner's resolution of the conflict will not be disturbed by the Court. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam). The ALJ explicitly acknowledged Plaintiff's medical issues. However, rather than accept Plaintiff's claims of

9

debilitating pain at face value, the ALJ determined that the record as a whole did not support a conclusion that Plaintiff suffered from disabling pain. Based on the record, the ALJ determined that Plaintiff's allegations regarding pain lacked credibility. Credibility determinations related to a claimant's subjective pain complaints rest with the ALJ. *Siterlet*, 823 F.2d at 920. There is no basis to reverse the Commissioner's decision on this ground.

### 3. Other Arguments

The Court will now address various conclusory arguments set forth in Plaintiff's motion for summary judgment. For example, Plaintiff contends that the hypotheticals posed to the VE at the June 14, 2006, hearing were not reasonably based on the substantial evidence in the record. (Doc. #10-2 at 5). However, Plaintiff does not indicate the manner in which the hypotheticals were deficient. Nor does Plaintiff provide the Court with any guidance as to what information from the evidence of record should have been included in the hypotheticals. In fact, Plaintiff's motion for summary judgment does not include even a single citation to the record.

Upon the Court's review of the hearing transcript and the ALJ's opinion, the Court is satisfied that the hypotheticals in question were reasonably based on the evidence of record. In fact, the ALJ posed a number of hypotheticals to the VE – ranging from whether Plaintiff could perform her prior job based on her testimony to whether jobs exist in the economy that Plaintiff could perform if she was limited to sedentary work with a sit/stand option every 30 minutes. (Tr. 766-70).

Plaintiff also contends that the ALJ erred by ignoring *Gatliff v. Comm'r of Social Sec. Admin.*, 172 F.3d 690 (9th Cir. 1999). *Gatliff* states that substantial gainful activity means more than merely the ability to find a job and physically perform same but also requires the

ability to hold the job for a significant period of time. *Id.* at 694. While the ALJ did not cite to *Gatliff*, his decision rejects Plaintiff's contention that she cannot maintain a job. Implicit in the RFC assigned to Plaintiff by the ALJ is a finding that Plaintiff is capable of maintaining employment. Moreover, the VE testified that jobs exist in significant number in the national economy that Plaintiff can perform. (Tr. 33-34, 768). Plaintiff does not explain why an individual with Plaintiff's RFC would be unable to maintain employment. Plaintiff simply states:

> [T]he numerous exertional and non-exertional restrictions placed upon the Claimant were not considered and the pain associated with these restrictions was not considered. It is clear that she cannot maintain a job and hold the job for a significant period of time. This is made clear in the medical reports herein which show limitations in a work setting.

(Doc. #10-2 at 7-8). This Court is not impressed with Plaintiff's conclusory arguments.

Plaintiff further argues that the ALJ erred by failing to consider the combined effects of Plaintiff's impairments. An examination of the ALJ's decision refutes this allegation. The ALJ considered all of the Plaintiff's severe impairments, and the RFC assigned to Plaintiff reflects a consideration of their combined effects. Once again, it should be noted that Plaintiff does not provide the Court with any rationale to support this argument. Rather, Plaintiff relies on conclusory statements, telling the Court that "[i]t is clear from the medical evidence within the records that Claimant is severely impaired. The record is full of evidence that shows this." (Doc. #10-2 at 5). Despite this supposed abundance of evidence in the record, Plaintiff does not cite to a single portion of the transcript that would support her position that the ALJ considered Plaintiff's impairments separately.

## III.    CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #10) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Commissioner's Motion for Summary Judgment (Doc. #11) is hereby **GRANTED**.

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

Dated this 10th day of June, 2008.

Signed By:
*David L. Bunning*   DB
United States District Judge